| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
| Case No. | 5:17-cv-2456-CAS-KK | Date | December 19, 2017 |
| Title | ANA ESPERANZA v. SHANKLIN CORP. ET AL. | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) – ORDER REMANDING THIS ACTION TO THE SAN BERNARDINO COUNTY SUPERIOR COURT

## I.    INTRODUCTION & BACKGROUND

On November 3, 2017, plaintiff Ana Esperanza filed this action in San Bernardino County Superior Court against defendants Shanklin Corporation ("Shanklin"), Sealed Air Corporation ("Sealed Air"), Armando de la Paz ("de la Paz"), and Does 1 through 200. Dkt. 1-2 ("Compl."). Plaintiff alleges claims for strict products liability and negligent products liability as against Shanklin, Sealed Air, and Does 1 through 80, and a claim for negligence as against de la Paz and Does 1 through 200.

Plaintiff was employed as a machine operator at Perkins & Marie Callender's, LLC. On November 12, 2015, plaintiff asserts that she was operating a Shanklin heat sealer machine (used to form plastic packaging) when her hand and arm were crushed and burned by the sealer during its operation. Compl. ¶ 8. Plaintiff alleges that Shanklin, Sealed Air, and Does 1 through 80 designed, manufactured, distributed, sold, warranted, inspected, and marketed the sealer and its accessories. Id. ¶ 10. She further alleges that the sealer was defective, that she used it in a foreseeable manner, and that she was acting reasonably at the time of the accident. Id. ¶¶ 11–12. Moreover, plaintiff claims that Shanklin, Sealed Air, and Does 1 through 80 failed to use sufficient care when designing, manufacturing, and distributing the sealer. Id. ¶ 17.

Plaintiff asserts that de la Paz and Does 1 through 200 serviced, sold, maintained, installed, or inspected the sealer at some point prior to the accident, and that they failed to use the requisite amount of care for a business engaged in inspecting, repairing, modifying, and mounting the sealer. Id. ¶ 23. Plaintiff alleges that she suffers from permanent disability, loss of enjoyment of life, pain, medical expenses, loss of income, and other damages as a result of the accident. Id. ¶ 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O' JS-6

| Case No. | 5:17-cv-2456-CAS-KK | Date | December 19, 2017 |
|---|---|---|---|
| Title | ANA ESPERANZA v. SHANKLIN CORP. ET AL. | | |

Plaintiff served Sealed Air with the complaint on November 9, 2017.[1] Dkt. 1 ("Notice of Removal"). Neither Sealed Air nor Shanklin received a copy of the complaint prior to service on November 9, 2017. Id. On December 8, 2017, Sealed Air and Shanklin timely removed this action to this Court. Id.

## II. LEGAL STANDARD

Removal is proper where the federal courts would have had original jurisdiction over an action filed in state court. See 28 U.S.C. § 1441(a). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, No. CV 10–01893, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction).

Courts recognize a "strong presumption" against removal jurisdiction and place the burden on the removing defendant to demonstrate that subject matter jurisdiction exists. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The court may remand the matter either on motion by a party or acting *sua sponte*. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988); see also Maniar v. F.D.I.C., 979 F.2d 782, 785 (9th Cir. 1992) ("[T]he term 'motion to remand' in § 1447(c) includes a district court's *sua sponte* remand").

## III. DISCUSSION

Sealed Air and Shanklin argue that removal is proper because the amount in controversy exceeds $75,000, and because complete diversity exists insofar as individual defendant de la Paz is a "sham" defendant.[2] Notice of Removal ¶¶ 7, 12. In particular, they argue that plaintiff's negligence claim against de la Paz is barred under California's

---

[1] Sealed Air and Shanklin do not offer which date, in particular, Shanklin was served with the complaint.

[2] Plaintiff is a citizen of California, Sealed Air and Shanklin are Delaware corporations with principal places of business in North Carolina, and de la Paz is a citizen of California. Notice of Removal ¶¶ 9–12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-2456-CAS-KK | Date | December 19, 2017 |
| Title | ANA ESPERANZA v. SHANKLIN CORP. ET AL. | | |

worker's compensation exclusivity provision, California Labor Code section 3601, which provides

> (a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is … the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment.

Sealed Air and Shanklin contend that de la Paz and plaintiff were both employees of MC Wholesalers, LLC, f/k/a Marie Callender Wholesalers, LLC, on the date of the alleged injury, and that at all other pertinent times they were acting within the scope of employment. Notice of Removal ¶ 13; Declaration of Debra Rickman ¶ 7. Accordingly, Sealed Air and Shanklin argue, plaintiff's negligence claim against de la Paz is barred by the language of Cal. Lab. Code section 3601. They argue that the Court may disregard the citizenship of de la Paz because the failure of plaintiff's negligence claim is therefore "obvious according to the settled rules of the state." Id. ¶13–17 (citing Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). As a result, they contend that complete diversity exists because plaintiff resides in California and the remaining defendants are foreign corporations.

    An exception to the requirement of complete diversity exists where it appears that a plaintiff has fraudulently joined a "sham" non-diverse defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). If a court finds fraudulent joinder of a sham defendant, it may disregard the citizenship of the sham defendant for removal purposes. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant is fraudulently joined where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

    Accordingly, "[t]he burden of proving a fraudulent joinder is a heavy one. The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court . . . ." Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983) (citations omitted); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009); Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1992) ("We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so. If that possibility exists, then a good faith assertion of such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O' JS-6** |
| Case No. | 5:17-cv-2456-CAS-KK | Date | December 19, 2017 |
| Title | ANA ESPERANZA v. SHANKLIN CORP. ET AL. | | |

an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." (citations and quotation marks omitted)); Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant." (citing Dodson, 951 F.2d at 42)).

In accordance with this high standard, courts must resolve all issues of fact and all ambiguities in the law in favor of the non-removing party when deciding whether fraudulent joinder exists in a given case. Dodson, 951 F.2d at 42; see also Hunter, 582 F.3d at 1042 (9th Cir. 2009) (in deciding whether removal is proper, "the court resolves all ambiguity in favor of remand to state court"). Courts may consider "affidavits or other evidence (presented by either party) on the issue of whether a particular defendant's joinder is sham or 'fraudulent.'" Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure before Trial § 2:2456 (The Rutter Group 2016) (citing W. Am. Corp. v. Vaughan–Basset Furniture, 765 F.2d 932, 936 n.6 (9th Cir. 1985). However, a court's inquiry into fraudulent joinder ought to be "summary" because "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1045 (quoting Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

Thus, Sealed Air and Shanklin bear the heavy burden of proving that *no possibility* exists that plaintiff can prevail on the merits against de la Paz. The Court finds that these defendants have failed to satisfy this burden, particularly in light of the strong presumption against removal jurisdiction. Though Sealed Air and Shanklin argue that plaintiff fails to state a claim against de la Paz, "defendant[s] seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009). The defendants must also show that "there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant." Burris v. AT & T Wireless, Inc., No. C 06–02904 JSW, 2006 WL 2038040, at *1 (N.D. Cal. July 19, 2006) (emphasis added). Remand must be granted unless the defendant shows that the plaintiff "would not be afforded leave to amend his complaint to cure [the] purported deficiency." Id. at *2.

Here, Sealed Air and Shanklin fail to make the necessary showing, as they have not established that plaintiff could not prevail on any claim against de la Paz. Moreover, California Labor Code section 3601 provides two exceptions that allow for additional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 5:17-cv-2456-CAS-KK | Date | December 19, 2017 |
| Title | ANA ESPERANZA v. SHANKLIN CORP. ET AL. | | |

legal remedies against a co-employee: (1) when the injury is proximately caused by the willful and unprovoked physical act of aggression of the other employee; and (2) when the injury is proximately caused by the intoxication of the other employee. Sealed Air and Shanklin fail to demonstrate that plaintiff could not amend her pleadings to support an additional claim against de la Paz.

In light of the strong presumption against removal jurisdiction, Gaus, 980 F.2d at 566, and the general presumption against fraudulent joinder, Hunter, 582 F.3d at 1046, the Court cannot conclude that de la Paz is a sham defendant. Because plaintiff and de la Paz are citizens of California, the Court may not exercise diversity jurisdiction in this case.

## V.  CONCLUSION

In accordance with the foregoing, the Court hereby **REMANDS** this action to the San Bernardino County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |